NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000266
31-OCT-2019
07:48 AM**

NO. CAAP-16-0000266

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JERRY ELDER, as TRUSTEE of The ELDER TRUST,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION,
Defendant/Counterclaim-Plaintiff/Cross-Claim Defendant/Appellee,
and
ROBERT V. GUNDERSON, JR., and ANNE D. GUNDERSON,
Defendants/Counterclaim-Plaintiffs/Cross-Claim
Plaintiffs/Appellees/Cross-Appellants,
and
JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
and DOE CORPORATIONS 1-100, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-088K)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Wadsworth, JJ.)

This appeal arises out of a property dispute between
Plaintiff/Counterclaim-Defendant/Appellant Jerry Elder, as
Trustee of the Elder Trust (**Elder**), Defendant/Counterclaim-
Plaintiff/Cross-Claim Defendant/Appellee The Bluffs at Mauna Kea
Community Association (**the Bluffs**), and the
Defendants/Counterclaim-Plaintiffs/Cross-Claim
Plaintiffs/Appellees/Cross-Appellants Robert V. Gunderson, Jr.
and Anne D. Gunderson (**the Gundersons**).

The Circuit Court of the Third Circuit (**Circuit Court**) initially entered, *inter alia*, a March 16, 2015 "Final Judgment" (**3/16/15 Judgment**).[1] The Gundersons appealed from the 3/16/15 Judgment, but that appeal was dismissed because the 3/16/15 Judgment did not resolve all of the claims in the case and thus did not satisfy the requirements for an appealable judgment under Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994). See Elder v. Bluffs at Mauna Kea Cmty. Ass'n, No. CAAP-14-0001324, 2015 WL 4068605 (Hawai'i App. Jun. 30, 2015).

Subsequently, the Circuit Court entered, *inter alia*, a "First Amended Final Judgment" on December 17, 2015 (**12/17/15 Judgment**) and an "Order Denying [Elder's] Motion for Relief From First Amended Final Judgment" (**Rule 60(b) Order**) on March 10, 2016.[2]

Elder's Notice of Appeal, filed on March 30, 2016, sought appellate review of the following: (1) an "Order Denying Without Prejudice [Elder's] Motion to Enforce Final Judgment, Filed October 13, 2015" (**Order Denying Motion to Enforce Final Judgment**) entered on December 17, 2015; (2) the 12/17/15 Judgment; and (3) the Rule 60(b) Order. The Gundersons filed a Notice of Cross-Appeal on April 13, 2016.

Previously in this appeal, on August 18, 2016, this court: (1) dismissed a portion of Elder's appeal as untimely, to the extent Elder sought review of the 12/17/15 Judgment and interlocutory orders thereto; and (2) dismissed the Gundersons' cross-appeal as untimely from the 12/17/15 Judgment. Elder v. Bluffs at Mauna Kea Cmty. Ass'n, No. CAAP-16-0000266, 2016 WL 4401054 (Hawai'i App. Aug. 18, 2016).

---

[1] The Honorable Elizabeth A. Strance (**Judge Strance**) initially presided over the case and entered the 3/16/15 Judgment.

[2] The Honorable Ronald Ibarra (**Judge Ibarra**) presided in entering the 12/17/15 Judgment and the Rule 60(b) Order.

2

The remainder of Elder's appeal challenges the Rule 60(b) Order, which denied Elder's January 14, 2016 "Motion for Relief From First Amended Final Judgment" (**Rule 60(b) Motion**). In the Rule 60(b) Motion, Elder asserted that the 12/17/15 Judgment entered by Judge Ibarra was erroneous because it improperly altered the 3/16/15 Judgment and failed to recognize that the height limitation of the hedge established at trial applies to the entire special setback area.

On appeal, Elder raises the following points of error:

> A. The Circuit Court erred in failing to certify its familiarity with the record and determine that the case could proceed without prejudice to the parties as required by Hawaii Rules of Civil Procedure ("HRCP") Rule 63 following the reassignment of the case from the Honorable Judge Elizabeth Strance who presided over the bench trial and entered the March 16, 2015 Final Judgment.

> B. The Circuit Court erred in substantially altering the holding of the March 16, 2015 Final Judgment entered by the Honorable Judge Elizabeth Strance who had presided over the bench trial[.]

> C. The Circuit Court erred in failing to recognize that the height limitation applies to the entire special setback area.

> D. The Circuit Court erred in its sua sponte ruling that the Association could not be held liable.

> E. The Circuit Court erred when it held that no party was the prevailing party.

Elder's opening brief does not indicate where in the record or the manner in which these respective points were raised in the Circuit Court.[3] Thus, Elder's opening brief does not comply with Rule 28(b)(4) of the Hawai'i Rules of Appellate Procedure. Moreover, none of Elder's arguments on appeal address the standards or requirements for relief under HRCP Rule 60(b) or why the Circuit Court erred in entering the Rule 60(b) Order. Rather, Elder's appellate briefs assert arguments that directly challenge Judge Ibarra's entry of the 12/17/15 Judgment. However, as previously noted, Elder's appeal is untimely as to the 12/17/15 Judgment. Consequently, Elder fails to raise any

---

[3] Our review of the record indicates that Elder only raised points B and C in his Rule 60(b) Motion.

arguments pertaining to the Rule 60(b) Order over which we have appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the "Order Denying Plaintiff Jerry Elder as Trustee of the Elder Trust's Motion for Relief From First Amended Final Judgment" entered on March 10, 2016, by the Circuit Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2019.

Chief Judge

On the briefs:

Terrance M. Revere,
Lauren C. McDowell,
(Revere and Associates, LLLC)
for Jerry Elder as Trustee of
the Elder Trust.

Associate Judge

Associate Judge

John D. Zalewski,
Michelle J. Chapman,
(Case Lombardi & Pettit)
        and
Robert D. Triantos,
(Carlsmith Ball LLP)
for The Bluffs at Mauna Kea
Community Association.

Robert G. Klein,
Randall K. Schmitt,
Jordan J. Kimura,
(McCorriston Miller Mukai
MacKinnon, LLP)
for Robert V. Gunderson, Jr.
and Anne D. Gunderson.

4